UNITED STATES LIABILITY INSURANCE COMPANY
v. SAKSEY'S LOUNGE, INC.

INSURANCE—DEDUCTIBLE PROVISION—CONSTRUCTION OF PROVISION—
TRIAL—SUFFICIENCY OF EVIDENCE.
  Trial court's dismissal of plaintiff insurer's action to recover
  $1200 from defendant under the $200 deductible provision of
  defendant's dramshop act insurance policy was proper where
  plaintiff claimed in its declaration to have settled six sep-
  arate claims against defendant, even though they were all
  stated in one legal action, but defendant denied this in its
  answer, alleging that this was all one claim, and where plain-
  tiff rested its case upon the pleadings and thus failed to make
  a *prima facie* case that it had in fact settled six claims.

Appeal from Common Pleas Court of Detroit,
Henry J. Szymanski, J. Submitted Division 1 June
5, 1969 at Detroit. (Docket No. 5,339.) Decided
June 23, 1969. Rehearing denied August 4, 1969.

Declaration by United States Liability Insurance
Company, a Pennsylvania corporation, against Sak-
sey's Lounge, Inc., a Michigan corporation, to re-
cover the deductible amount of an insurance policy.
Action dismissed. Plaintiff appeals. Affirmed.

*Okrent & Baun* (*Robert J. Brown*, of counsel),
for plaintiff.

*Cyril Abramson*, for defendant.

REFERENCES FOR POINTS IN HEADNOTE
53 Am Jur, Trial § 293 *et seq.*
44 Am Jur 2d, Insurance § 1420.

BEFORE: HOLBROOK, P. J., and McGREGOR and BRONSON, JJ.

PER CURIAM. Defendant carried a policy of liquor liability insurance coverage with plaintiff. This policy was written with a $200 deductible provision, this amount to be paid by the insured on every claim which was made against it.

A single suit was filed against defendant by six parties under the Michigan dramshop act. CLS 1961, § 436.22 (Stat Ann 1969 Cum Supp § 18.993). Plaintiff settled this suit pursuant to the terms of the insurance contract.

Plaintiff commenced suit to recover $1,200 from defendant for the settlement of six separate claims. Defendant specifically denied that there were six separate claims and asserted that there was only one suit, and therefore, only one claim was settled.

The common pleas court for the city of Detroit dismissed this case on the grounds that plaintiff had failed to prove a *prima facie* case. We agree. Plaintiff, after an opening statement, rested its case on the pleadings. Plaintiff did not prove that it was owed for six claims which it settled under the insurance policy. This fact was alleged but specifically denied in defendant's answer. Under the rules of the common pleas court of Detroit,[1] only those matters which are alleged in a complaint and admitted in an answer shall be taken as admitted.

---

[1] Common Pleas Court of Detroit Rule 9.3.
"Every answer shall contain an explicit admission of denial of each allegation in the declaration as to which the defendant has knowledge or belief. But as to matters charged in the declaration as to which the defendant has no knowledge sufficient to form a belief he shall not be required to admit or deny the same, but shall state his want of such knowledge. *Every material allegation in the declaration to which the defendant shall not make answer shall be taken as admitted by the defendant.* In connection with every denial, the answer shall set forth the substance of the matters which will be relief upon to support such denial."

Since plaintiff failed to show that it was entitled to relief based upon six claims which it settled, defendant was entitled to a directed verdict in its favor.

Affirmed. Costs to defendant.